UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
D.C., an infant under the age of fourteen (14) by
his father and natural guardian, DESMOND
CONLEY, SR., and DESMOND CONLEY, SR.,
individually,

                                 Plaintiffs,

**MEMORANDUM AND ORDER**

CV 16-4546 (SJF) (AYS)

                      - against -

COPIAGUE UNION FREE SCHOOL DISTRICT,

                            Defendant.
------------------------------------------------------------X

**FEUERSTEIN, District Judge:**

**I.    INTRODUCTION**

Plaintiffs D.C., an infant under the age of fourteen (14) by his father and natural guardian, Desmond Conley, Sr., and Desmond Conley Sr., individually (together, "Plaintiffs"), commenced this action against Defendant Copiague Union Free School District ("Defendant" or the "District"), alleging violations of: (i) 42 U.S.C. § 1983 ("Section 1983"); (ii) Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*; (iii) the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and (iv) New York common law. *See* Complaint ("Compl.") Docket Entry ["DE"] 1.

Defendant has moved to dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* DE 42 (Defendant's Notice of Motion). Plaintiffs' oppose the motion. For the reasons set forth herein, Defendant's motion is granted.

1

## II. PROCEDURAL HISTORY

Plaintiffs filed this action on August 15, 2016 alleging claims against the District premised upon Section 1983, Title VI, the NYSHRL as well as common law causes of action. *See generally* Compl. Although the District was the only named defendant, the *gravamen* of Plaintiffs' factual claims centers upon allegedly racially charged statements made to Plaintiff D.C. by an unidentified "school nurse" on May 19, 2015. Compl. ¶¶ 5-15. On October 20, 2016, Defendant moved to dismiss Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. DE 20. On December 23, 2016, Plaintiffs cross-moved to amend their Complaint. DE 19. On July 11, 2017, the Court issued an Opinion and Order adjudicating the motions. DE 34. Specifically, the Court granted Defendant's motion to dismiss all causes of action set forth in the Complaint and granted Plaintiffs' cross-motion solely to the extent that "Plaintiffs may file an amended complaint asserting a cause of action against Jane Doe 2[1] for violation of D.C.'s rights arising under the Fourteenth Amendment's Equal Protection Clause." DE 34 at 25. On August 11, 2017, Plaintiffs' filed their Amended Complaint ("Am. Compl."). DE 36. While the Amended Complaint includes an erroneous case caption,[2] given that the only viable defendant following the Court's July 11, 2017 Opinion and Order is "Jane Doe 2," the substantive claims pertain solely to the May 19, 2015 incident involving Plaintiff D.C. and "Jane Doe 2." *See* Am. Compl. ¶¶ 6-23. On November 21, 2017, Defendants[3] filed a

---

[1] "Jane Doe 2" is the unidentified school nurse, named as a non-party in Plaintiffs' initial Complaint. *Compare* Am. Compl. *with* Compl.

[2] The Amended Complaint's caption includes: (1) Copiague Union Free School District; (2) Jane Doe 1, a school aide whose name is unknown; and (3) Jane Doe 2, a school nurse whose name is unknown. Am. Compl. However, the Court permitted Plaintiff leave to amend only as to the equal protection claim asserted against Jane Doe 2. DE 34 at 25. Likewise, all claims against Copiague Union Free School District have been dismissed. *See id*.

[3] The Caption of the motion refers to Copiague Union Free School District, Jane Doe 1 and Jane Doe 2 despite the fact that Jane Doe 2 is the sole remaining Defendant in this action. *See* DE 34 (dismissing all claims against Copiague Union Free School District and permitting Plaintiffs' leave to amend only with respect to the filing of an

subsequent motion pursuant to Rule 12(b)(5) and 12(b)(6) seeking to dismiss Plaintiffs' Amended Complaint.

## III. DEFENDANT'S MOTION TO DISMISS

The thrust of Defendant's motion is that: (1) "the plaintiffs have neither identified or served an individual defendant;" (2) "[i]t is well settled [that] using 'Doe' in place of a specifically nam[ed] defendant does not serve to sufficiently identify the defendant;" (3) "no notice has been given to Jane Doe #2 which allow for defendants to prepare a defense;" (4) "[t]he plaintiffs are bringing a case against an illusory party;" (5) "the plaintiff[s] ha[ve] had ample time to identify the unknown defendant considering this incident occurred in the Spring of 201[5]; and (6) "[t]he [plaintiffs] have given no indication in their [ ] Complaint, Cross Motion for Leave to Amend, or the Amended Complaint that they have made any efforts to identify Jane Doe #2." Memorandum of Law in Support of Defendants' Motion to Dismiss ("Defs.' Mem.") at 4-6.

In opposition, Plaintiffs claim that they "have no ability to ascertain what nurse was working within the school on the date in question" and that the "burden for obtaining [this] information should [not] fall on Plaintiffs when it is readily available to Defendants to provide." Memorandum in Opposition of Defendant's Motion to Dismiss Plaintiffs' Amended Verified Complaint ("Pls.' Opp'n") at 8.[4] In addition, Plaintiffs assert that "[i]n the event the identity of Jane Doe 2, which still remains in the exclusive purview . . . of Defendants, has not been identified [by the service expiration date] Plaintiffs will need to move to compel the identity of Jane Doe 2 from Defendants. . . ." *Id*. at 9.

---

equal protection claim against Jane Doe 2). For purposes of this Memorandum and Order, "Defendant" shall refer only to Jane Doe 2.

[4]      Plaintiffs' opposition memorandum lacks pagination. Therefore, the ECF page numbers are utilized instead.

In reply, Defendant states that "plaintiffs have not made a single, discernible, cogent legal argument regarding the defendants' lack of due diligence in identifying Jane Doe #2" and that although "a complaint may name an unknown defendant if the plaintiff has not yet been able to ascertain the exact identity of that person[,] 'naming an unknown defendant [ ] will not be permitted if plaintiff's ignorance is the result of willingness of lack of reasonable inquiry.'" Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss ("Defs.' Reply") at 2 (quoting *Holton v. Hudson*, 94 CIV. 5072, 1996 WL 251847, at *2 (S.D.N.Y. May 13, 1996)). Defendant further maintains that "[m]ore than two years have passed since the [May 19, 2015] incident, yet plaintiffs have failed to identify Jane Doe #2" and that "[a]lthough [ ] plaintiffs contend there is no way for them to ascertain the identity of the defendant now . . . a FOIL request could have been submitted or a simple search through a faculty directory would have sufficed . . . [and] it would be plausible to assume plaintiffs knew other students or parents in the District who interacted with Jane Doe #2 who could assist [ ] in identifying the school nurse." Defs.' Reply at 3 (citing *Kearse v. Lincoln Hosp.*, 07-CV-4730, 2009 WL 1706554 (S.D.N.Y. June 17, 2009)).

It is beyond dispute that "[u]sing 'Doe' in place of specifically naming a defendant does not serve to sufficiently identify the defendant." *Kearse v. Lincoln Hosp.*, No. 07–CV–4730, 2009 WL 1706554, at *3 (S.D.N.Y. June 17, 2009); *Cruz v. City of New York*, 232 F. Supp. 3d 438, 448 (S.D.N.Y. 2017). In addition, while courts "typically resist dismissing suits against John Doe defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials . . . [w]here a plaintiff has had ample time to identify a John Doe defendant but gives no indication that he has made any effort to discover the [defendant's] name, . . . the plaintiff simply cannot continue to maintain a suit against the John Doe

4

defendant." *Cruz*, 232 F. Supp. 3d at 448 (internal citation omitted); *see Harewood v. City of New York*, No. 09-CV-2874, 2012 WL 12884356, at *2 (E.D.N.Y. Feb. 10, 2012) (same); *Coward v. Town & Vill. of Harrison*, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009) (same); *see also Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009) ("Where a plaintiff names 'John Doe' as a placeholder defendant because he does not know the identity of an individual defendant, he generally is required to replace the placeholder with a named party within the applicable statute of limitations period.").

The underlying incident giving rise to this matter occurred on May 19, 2015, *see generally* Am. Compl., the initial Complaint was filed on August 15, 2016. *See* Compl. Thus, Plaintiffs have had over three years from time of the incident and almost two years from the time the Complaint was filed to exercise due diligence in order to ascertain the identity of Jane Doe 2. Despite this significant passage of time, the docket does not reflect nor do Plaintiffs assert that any affirmative steps were taken to attempt to ascertain the identity of Jane Doe 2 during the intervening period. Indeed, although Plaintiffs have indicated that they would file a motion to compel in order to obtain the necessary materials to unearth Jane Doe 2's identity, *see* Pls.' Opp'n at 9, to date, no such motion has been filed. However, it is Plaintiffs' burden to take reasonable steps to discover the identity of a Jane Doe defendant. *See Kearse*, 2009 WL 1706554, at *3 (recognizing that it is plaintiff who must take steps to identify a John Doe defendant); *Reed v. Doe*, No. 9:11-CV-250, 2015 WL 902795, at *5 (N.D.N.Y. Mar. 3, 2015) ("plaintiff was directed to take reasonable steps to ascertain the identity of defendant John Doe" and was warned that "failure to ascertain the identity of Defendant John Doe # 1 will result in the dismissal of this action"); *see also Doe v. New York*, 97 F. Supp. 3d 5, 19 (E.D.N.Y. 2015)

(considering viability of relation back doctrine as set forth in CPLR § 1024[5] to § 1983 claim, recognizing that due diligence within the meaning of CPLR § 1024 "requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations expired," and concluding that "plaintiff cannot satisfy that [ ] requirement, as he failed to act with due diligence in identifying the John Doe Defendants prior to the filing of the Third Amended Complaint")." Moreover, discovery has not been stayed in this matter pending the Court's determination of either the instant motion or Defendant's previously adjudicated motion to dismiss. Thus, Plaintiffs have had an ample opportunity to make full use of the discovery devices set forth in the Federal Rules of Civil Procedure as well as any other alternative means in order to ferret out Jane Doe 2's identity. Nevertheless, Plaintiffs failed to act.

In light of the fact that Plaintiffs have failed to present the Court with (1) reasonable efforts made to discover Jane Doe 2's identity or (2) good cause for this failure, their suit against the Jane Doe 2 defendant cannot be maintained. *See Watkins v. Doe,* No. 04–CV–0138, 2006 WL 648022, at *3 (S.D.N.Y. Mar. 14, 2006) (dismissing without prejudice claims against "John Doe" defendants where "despite having the full opportunity to conduct discovery, plaintiff has not yet identified and served [those] defendants . . . within 120 days of filing the complaint . . . [and] has not sought an extension of the time allowed"); *Harewood*, 2012 WL 12884356, at *2 (Harewood has had ample time since filing his complaint in July 2009 to identify John Doe . . .

---

[5] New York Civil Practice Laws and Rules Section 1024 "authorizes the use of a 'John Doe summons' when the plaintiff has a cause of action against a defendant whose name is unknown to the plaintiff. As discussed below, the plaintiff must exercise due diligence to try and ascertain the defendant's identity. N.Y. C.P.L.R. § 1024 (Practice Commentaries); *see Barrett v. City of Newburgh*, 720 F. App'x 29, 32–33 (2d Cir. 2017) ("An amendment that fails under Rule 15(c)(1)(C) may nevertheless relate back under subsection (A) when the law that provides the applicable statute of limitations allows relation back. Since Section 1983 derives its statute of limitations from state law, we look to section 1024 of the New York Civil Practice Law and Rules[.]") (internal citations omitted).

[and] [t]here is nothing in the record to show that Harewood has expended any effort to discover the defendant's identity. Accordingly, Harewood's claims against John Doe are dismissed."); *United States v. Callard*, No. 11-CV-4819, 2013 WL 6173798, at *4 (E.D.N.Y. Nov. 19, 2013) (denying plaintiff's request to reinstate fictitious parties as defendants where "[p]laintiff has not demonstrated that it has determined or attempted to determine the identities of 'XYZ Corporation' or 'John Does # 1–10,'" after being given a sufficient opportunity to do so).

IV. **CONCLUSION**

Based upon the foregoing analysis, Defendant's motion to dismiss the Amended Complaint is GRANTED. The Clerk's Office is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
June 4, 2018

/s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
U.S. District Judge